*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015          519766
_____

In the Matter of the Claim of
    THOMAS W. HUNTER,
                    Appellant,

        v                                        MEMORANDUM AND ORDER

TOWN OF HEMPSTEAD et al.,
                    Respondents.

WORKERS' COMPENSATION BOARD,
                    Respondent.
_____

Calendar Date:  March 27, 2015

Before:  Garry, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Alan W. Clark & Associates, Levittown (Brandon Clark of counsel), for appellant.

        Steven M. Licht, Special Funds Conservation Committee, Albany (Jill Singer of counsel), for Special Fund for Reopened Cases, respondent.

_____

Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board, filed April 25, 2014, which ruled, among other things, that claimant voluntarily removed himself from the labor market.

        Claimant, a sanitation worker, sustained a work-related back injury in 1996 and was awarded workers' compensation benefits.  Claimant returned to work later that year, and a finding of permanency was not made.  In 2005, liability for the claim was shifted to the Special Fund for Reopened Cases.  In the

interim, claimant obtained workers' compensation benefits as the result of other injuries to both knees, his left foot and his right shoulder, and all of those claims were resolved via schedule loss of use awards. In 2010, claimant retired after 32 years of service, crediting his decision to the various work-related injuries he had sustained, and thereafter sought an award of postretirement benefits, arguing that the 1996 injury had left him unable to work. The Workers' Compensation Board ultimately disagreed and found, among other things, that claimant's retirement was unrelated to the 1996 injury and constituted a voluntary withdrawal from the work force. Claimant now appeals.

We affirm. "Whether a retirement or withdrawal from the labor market is voluntary is a factual determination to be made by the Board, and its decision will be upheld when supported by substantial evidence" (Matter of Ballou v Southworth-Milton, Inc., 107 AD3d 1084, 1085 [2013] [citations omitted]; see Matter of Goldstein v Prudential, 117 AD3d 1368, 1369-1370 [2014]). A variety of medical evidence in the record reflects that the 1996 injury was responsible for only a mild or moderate disability that did not impair claimant's ability to work. Claimant himself testified that he was able to work despite the constraints placed upon him by the 1996 back injury, noting that his knee problems caused him far more difficulty. Indeed, claimant stopped working immediately before he underwent a second knee replacement and was advised that he would not be able to return to employment as a result of that surgery. Further evidence that claimant's retirement resulted from his knee problems, and not the 1996 back injury, is provided by a 2010 report by claimant's treating chiropractor stating that claimant was "disabled due to work injury to his knees." In short, substantial evidence supports the determination of the Board that claimant's 1996 injury played no role in his decision to retire (see Matter of Goldstein v Prudential, 117 AD3d at 1369-1370; Matter of Resto v New York City Housing Auth., 14 AD3d 741, 741-742 [2005]; Matter of Sanders v Nyack Hosp., 277 AD2d 829, 830 [2000]). Under these circumstances, the fact that an orthopedist found the 1996 injury to be totally disabling after claimant's retirement did not compel a different result or entitle him to ongoing benefits (see Matter of Bacci v Staten Is. Univ. Hosp., 32 AD3d 582, 584 [2006]; Matter of Sanders v Nyack Hosp., 277 AD2d at 830).

Claimant's remaining contentions have been considered and found to be unavailing.

Garry, J.P., Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court