*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                    521801
_____

In the Matter of the Claim of
    MICHELE GRECO-MEYER,
                        Appellant,
        v                                    MEMORANDUM AND ORDER

NASSAU COUNTY POLICE DEPARTMENT
    et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:  April 18, 2016

Before:  Lahtinen, J.P., McCarthy, Garry, Rose and Aarons, JJ.

                    _____

        John F. Clennan, Ronkonkoma, for appellant.

        Vecchione Vecchione & Connors LLP, Garden City Park (Brian
M. Anson of counsel), for Nassau County Police Department and
another, respondents.

                    _____

Rose, J.

        Appeal from a decision of the Workers' Compensation Board,
filed December 26, 2014, which ruled that claimant's removal from
the labor market was voluntary.

        Claimant, a police officer, sustained injuries when she
fell after tripping on a rug at work on October 12, 2006.  She
filed a claim for workers' compensation benefits and her case was
established for causally-related injuries to her left foot, left
knee and back.  Claimant did not return to full duty as a police

officer after the accident and instead continued working on a restricted basis.  In February 2012, she took a regular service retirement and, shortly thereafter, she was diagnosed with breast cancer.  Following claimant's retirement, further proceedings were conducted in her workers' compensation case and a Workers' Compensation Law Judge ruled, among other things, that she did not voluntarily remove herself from the labor market by retiring and was entitled to payments for permanent partial disability subsequent to the date of her retirement.  The Workers' Compensation Board, however, concluded that the claimant's retirement was voluntary and was not precipitated by her causally-related disability.  The Board modified the Workers' Compensation Law Judge's decision accordingly and claimant now appeals.

"Generally, a claimant who voluntarily withdraws from the labor market by retiring is not entitled to workers' compensation benefits unless the claimant's disability caused or contributed to the retirement" (Matter of Lombardi v Brooklyn Union Gas Co., 306 AD2d 704, 705 [2003] [citation omitted]; see Matter of Bury v Great Neck UFSD, 14 AD3d 786, 787 [2005]).  Whether there has been a voluntary withdrawal is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence (see Matter of Schirizzo v Citibank NA-Banking, 128 AD3d 1293, 1293-1294 [2015]; Matter of Hunter v Town of Hempstead, 127 AD3d 1539, 1539 [2015]).

Here, there is an absence of persuasive evidence in the record that claimant's disability caused or contributed to her decision to retire.  Michael Miller, an orthopedist who conducted an independent medical examination of claimant and evaluated her in September 2011 and again in May 2013, testified that claimant had a permanent moderate partial disability that prevented her from performing her duties as police officer, but did not prevent her from working full time with certain restrictions.  Significantly, however, he did not evaluate her at the time that she retired and provided no information as to what may have prompted her decision.

Enrico Mango, the orthopedist who treated claimant after the accident and for many years thereafter, testified that

claimant had a permanent partial disability and was unable to return to full duty as a police officer after the accident, but worked for a number of years on a restricted basis.  Although he continued to treat claimant at the time of her retirement, his testimony was equivocal concerning the reason she retired.  He stated that he "thought" that claimant retired because of her breast surgery and did not indicate that her work-related disability was a contributing factor.

Likewise, claimant did not state that her work-related disability was a reason for her retirement.  Although she considered Mango's warning that continuing to work was detrimental to her back and knee, she did not indicate that she retired upon his advice or that of any other physician.  In addition, she did not state that she was no longer able to perform the duties of her restricted assignment at the time of her retirement, and there was no medical evidence establishing that her condition had worsened.  Rather, it appears from the record that, after satisfying the age and service requirements necessary to qualify for a regular retirement pension, claimant simply decided that it was time to retire.  Accordingly, substantial evidence supports the Board's decision that claimant voluntarily withdrew from the labor market, and we decline to disturb its decision (see Matter of Hunter v Town of Hempstead, 127 AD3d at 1540 [2015]; compare Matter of Schirizzo v Citibank NA-Banking, 128 AD3d at 1294).  We have considered claimant's remaining arguments and find them to be without merit.

Lahtinen, J.P., McCarthy, Garry and Aarons, JJ., concur.


ORDERED that the decision is affirmed, without costs.



ENTER:


Robert D. Mayberger
Clerk of the Court