Matter of Tomaine (City of Poughkeepsie Police) (2019 NY Slip Op 09072)





Matter of Tomaine (City of Poughkeepsie Police)


2019 NY Slip Op 09072


Decided on December 19, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 19, 2019

528540

[*1]In the Matter of the Claim of David Tomaine, Claimant, City of Poughkeepsie Police, Appellant. Workers' Compensation Board, Respondent.

Calendar Date: November 14, 2019

Before: Garry, P.J., Clark, Mulvey, Pritzker and Reynolds Fitzgerald, JJ.


Ryan, Roach & Ryan LLP, Kingston (John D. Dunne of counsel), for appellant.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed August 16, 2018, which ruled, among other things, that claimant's retirement was causally related and he is entitled to workers' compensation benefits for the period from March 13, 2015 to July 12, 2017.
Claimant injured his lower back while working as a police officer in March 2012. His claim was established for that injury, he had surgery in 2012 and he has not returned to work since. Prior awards for lost wages were made until March 13, 2015 at either a temporary total or temporary partial disability rate, and were thereafter held in abeyance. Claimant accepted a performance of duty disability retirement effective May 12, 2015. He later raised the issue of entitlement to awards for lost wages after March 13, 2015. Following hearings and the submission of reports and deposition testimony, the disputed issues were, among other things, whether claimant's retirement was causally related, his degree of disability and whether he is entitled to workers' compensation benefits for the period after March 13, 2015. A Workers' Compensation Law Judge concluded, among other things, that claimant had voluntarily withdrawn from the labor market on — and was not entitled to awards after — March 13, 2015. The Workers' Compensation Board modified, finding that claimant's retirement was causally related and that he had not voluntarily withdrawn from the labor market. The Board further found that he remained temporarily totally disabled and was entitled to lost wage awards for the period between March 13, 2015 and July 12, 2017, and remanded for a determination on the issue of permanency. The employer appeals.
We affirm. "Generally, a claimant who voluntarily withdraws from the labor market by retiring is not entitled to workers' compensation benefits unless the claimant's disability caused or contributed to the retirement" (Matter of Romanko v New York Univ., 154 AD3d 1031, 1032 [2017] [internal quotation marks and citations omitted]). "Whether a retirement or withdrawal from the labor market is voluntary is a factual determination to be made by the Board, and its decision will be upheld when supported by substantial evidence" (Matter of Schirizzo v Citibank NA-Banking, 128 AD3d 1293, 1293-1294 [2015] [internal quotation marks and citations omitted]; see Matter of Garcia v MCI Interiors, Inc., 173 AD3d 1575, 1575 [2019]; Matter of Greco-Meyer v Nassau County Police Dept., 139 AD3d 1296, 1297 [2016], lv denied 28 NY3d 901 [2016]). "A retirement is involuntary when the claimant's disability caused or contributed to the retirement" (Matter of Schirizzo v Citibank NA-Banking, 128 AD3d at 1294 [citations omitted]).
Claimant, who the Board credited, testified that he accepted retirement because his 2012 work-related back injury left him unable to work. The carrier's consultant, Bradley Wiener, an orthopedic surgeon who examined claimant before and after his retirement, concluded that the 2012 accident caused a lumbosacral strain injury that exacerbated his preexisting degenerative disc disease, necessitating lumbar fusion surgery in December 2012. Wiener opined in 2013, and again in 2017, that claimant had a temporary total disability and was "incapable of returning to the workforce in any capacity" and that he anticipated that the condition would be permanent. The foregoing constitutes substantial evidence supporting the Board's conclusion that claimant's disability caused or contributed to his retirement and, thus, that it was involuntary (see Matter of Schirizzo v Citibank NA-Banking, 128 AD3d at 1294; Matter of Ballou v Southworth-Milton, Inc., 107 AD3d 1084, 1085-1086 [2013]).
On the issue of the degree of disability, the Board credited Wiener's consistent opinion — that claimant was temporarily totally disabled — over the records from claimant's treating physician finding a partial disability, which the Board found to be unreliable and internally irreconcilable. Given the Board's authority to resolve factual issues, witness credibility and conflicting medical opinions, to which we defer (see Matter of Garcia v MCI Interiors, 173 AD3d at 1576; Matter of Romanko v New York Univ., 154 AD3d at 1033), and that substantial evidence supports the Board's conclusion that claimant's retirement was involuntary and he was totally disabled entitling him to awards for the period in issue, we decline to disturb the decision. We have examined the employer's remaining contentions and, to the extent that they are preserved, we find that they lack merit.
Garry, P.J., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.