Matter of Rivera v Joseph L. Balkan, Inc. (2021 NY Slip Op 02207)





Matter of Rivera v Joseph L. Balkan, Inc.


2021 NY Slip Op 02207


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

530910
[*1]In the Matter of the Claim of Jose Rivera, Appellant,
v
Joseph L. Balkan, Inc., et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 11, 2021

Before:Garry, P.J., Egan Jr., Clark, Aarons and Reynolds Fitzgerald, JJ.

Ginarte Gallardo Gonzalez Winograd, LLP, New York City (Joel Celso of counsel), for appellant.
Goldberg Segalla LLP, Syracuse (Cory A. DeCresenza of counsel), for Joseph L. Balkan, Inc. and another, respondents.



Aarons, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed July 12, 2019, which ruled, among other things, that claimant voluntarily withdrew from the labor market, and (2) from a decision of said Board, filed September 26, 2019, which denied claimant's request for reconsideration and/or full Board review.
Claimant, a heavy machine operator, suffered a work-related injury to his back on March 8, 2017 and his claim for workers' compensation benefits was established. Claimant was found to have no compensable lost time from March 27, 2017 to June 7, 2017 and from June 27, 2017 to July 24, 2017. He was then out of work from July 2017 to December 2017 and was awarded benefits for that time. Claimant returned to work on December 4, 2017 and stopped working on May 29, 2018, alleging that he had exacerbated his back injury that day. Claimant did not return to work and sought to amend the claim to include a causally-related injury to his left shoulder. The employer and its workers' compensation carrier opposed, contending, among other things, that claimant's withdrawal from the labor market was voluntary. Following a hearing, a Workers' Compensation Law Judge found that claimant failed to demonstrate a causally-related injury to the left shoulder and that he voluntarily withdrew from the labor market. On administrative appeal, the Workers' Compensation Board affirmed, and claimant's subsequent application for reconsideration and/or full Board review was denied. Claimant appeals from both of the Board's decisions.[FN1]
We affirm. Claimant's sole contention on appeal is that the Board erred in finding that he had voluntarily withdrawn from the labor market. "Generally, a claimant who voluntarily withdraws from the labor market by retiring is not entitled to workers' compensation benefits unless the claimant's disability caused or contributed to the retirement" (Matter of Romanko v New York Univ., 154 AD3d 1031, 1032 [2017] [internal quotation marks and citations omitted]; see Matter of Profeta v Edward J. Bosti Elementary Sch., Connetquot Cent. Sch. Dist. of Islip, 188 AD3d 1366, 1367 [2020]). "Whether a retirement or withdrawal from the labor market is voluntary is a factual determination to be made by the Board, and its decision will be upheld when supported by substantial evidence" (Matter of Hunter v Town of Hempstead, 127 AD3d 1539, 1539 [2015] [internal quotation marks and citations omitted]; accord Matter of Greco-Meyer v Nassau County Police Dept., 139 AD3d 1296, 1297 [2016], lv denied 28 NY3d 901 [2016]). "To that end, the Board has broad authority to resolve factual issues based on credibility of witnesses and draw any reasonable inference from the evidence in the record" (Matter of Button v Button, 166 AD3d 1258, 1259 [2018] [internal quotation marks, brackets and citations omitted]).
The employer's human resources representative testified that claimant informed her in late May 2018 that he had exacerbated his back injury[*2]. The representative directed claimant to go to a health care facility used by the employer for an evaluation. The facility reported to the employer that claimant was unable to return to work at that time and that he was scheduled for a reevaluation at the facility a few days later. Claimant, however, did not return to the health care facility for his reevaluation and could not be reached for three weeks, despite efforts by the representative to contact him. The representative testified that the employer considered claimant as a no call/no show employee during this time period. According to the representative, after three weeks, claimant called and informed her that he was not going to return to work for the employer. Sometime later, claimant requested, and was paid, his accrued vacation time. The representative further testified that claimant did not provide the employer with any medical reports indicating that he could no longer work for the employer.
Although claimant testified that he never informed the representative that he was quitting and that he believed he still had a job with the employer, the Board found the representative's testimony to the contrary to be more credible (see Matter of Garcia v MCI Interiors, Inc., 173 AD3d 1575, 1576 [2019]; Matter of Button v Button, 166 AD3d at 1260). We also note that there are medical reports in the file from claimant's treating physician indicating that claimant was unable to perform his job duties in the weeks following his May 2018 exacerbation of his back injury. There is no indication in those reports, however, that the physician recommended that claimant retire from his employment and the physician testified that, in his opinion, claimant had not yet reached maximum medical improvement and could perform work in some capacity. Because substantial evidence supports the Board's decision that claimant's departure from his employment was voluntary and not due to a work-related disability, it will not be disturbed (see Matter of Garcia v MCI Interiors, Inc., 173 AD3d at 1576; Matter of Romanko v New York Univ., 154 AD3d at 1033).
Garry, P.J., Egan Jr., Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: Claimant does not address the denial of his application for reconsideration and/or full Board review in his brief. Therefore, we deem his appeal from that decision to be abandoned (see Matter of Santangelo v Seaford U.F.S.D., 165 AD3d 1358, 1360 [2018], lv denied 32 NY3d 914 [2019]).