Matter of Farrulla v Suny at Stony Brook (2021 NY Slip Op 02204)





Matter of Farrulla v Suny at Stony Brook


2021 NY Slip Op 02204


Decided on April 8, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:April 8, 2021

530704
[*1]In the Matter of Daphne Farrulla, Appellant,
v
Suny at Stony Brook et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 16, 2021

Before:Egan Jr., J.P., Lynch, Aarons, Pritzker and Colangelo, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Tanisha S. Edwards, State Insurance Fund, Melville (Katherine Mason-Horowitz of counsel), for SUNY at Stony Brook and another, respondents.



Pritzker, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed June 20, 2019, which, among other things, ruled that claimant was not entitled to an award of reduced earnings subsequent to October 31, 2018, and (2) from a decision of said Board, filed August 27, 2019, which denied claimant's application for reconsideration and/or full Board review.
In August 1989, claimant was working as a certified nursing assistant at a public hospital when she sustained injuries while attempting to lift a patient. She filed a claim for workers' compensation benefits and her claim was established for injuries to her back and neck.[FN1] In January 1996, she had surgery on her lumbar spine. In October 1996, she was classified as permanently partially disabled and was awarded benefits for reduced earnings.[FN2]
In 2006, after having been unemployed for approximately 12 years, claimant obtained a clerical position with the Department of Motor Vehicles. In the years that followed, she continued to experience chronic pain in her neck and back for which she received medical treatment. In June 2016, she had surgery on her cervical spine. She returned to work six months later and resumed her regular duties. Following her surgery, she continued to receive medical treatment for her back and neck, and also began to experience problems with balance. In October 2018, claimant, who by then was in her mid 60s, retired from her position.
Thereafter, further proceedings were conducted in claimant's workers' compensation case during which the State Insurance Fund raised the issue of claimant's voluntary withdrawal from the labor market based on her retirement. Following a hearing, the Workers' Compensation Law Judge found that claimant's retirement was not voluntary but was due, at least in part, to her work-related injuries and directed that a reduced earnings award be continued after the date of claimant's retirement. The State Insurance Fund sought review of this decision by the Workers' Compensation Board. In reversing the Workers' Compensation Law Judge's decision, a panel of the Board concluded that claimant failed to demonstrate that her work-related injuries caused or contributed to her retirement and, consequently, she was not entitled to an award of reduced earnings subsequent to her retirement date. Claimant's application for reconsideration and/or full Board review of this decision was subsequently denied by the Board. Claimant appeals from both decisions.[FN3]
Initially, "[a] claimant who suffers a permanent partial disability — meaning the claimant is rendered less than totally disabled — 'may receive a reduced earnings award' under Workers' Compensation Law § 15 (3) (w) if the claimant 'demonstrates that [his or her] reduced earnings are related to the partial disability'" (Matter of O'Donnell v Erie County, 35 NY3d 14, 19 [2020], quoting Burns v Varriale, 9 NY3d 207, 216 [2007]; see Matter of Delk v Orange & Rockland, 191 AD3d 1067, 1069). Moreover[*2], if the Board determines that a claimant with a permanent partial disability retired from his or her job due to that disability, "an inference that his or her future reduced earnings resulted from the disability may be drawn" (Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 191 [2012] [internal quotation marks and citation omitted]; see Matter of O'Donnell v Erie County, 35 NY3d at 20). This is true "regardless of whether [the] claimant has completely retired from the workforce or merely withdrawn from the particular employment in which [he or] she was engaged" (Matter of Zamora v New York Neurological Assoc., 19 NY3d at 191-192).
Notwithstanding the foregoing, "a claimant who voluntarily withdraws from the labor market by retiring is not entitled to workers' compensation benefits unless the claimant's disability caused or contributed to the retirement" (Matter of Lombardi v Brooklyn Union Gas Co., 306 AD2d 704, 705 [2003] [citation omitted]; see Matter of Greco-Meyer v Nassau County Police Dept., 139 AD3d 1296, 1297 [2016], lv denied 28 NY3d 901 [2016]; Matter of Lombardo v Otsego County Empls., 125 AD3d 1079, 1080 [2015]). Whether a claimant has voluntarily withdrawn from the labor market is a factual issue for the Board, and its determination will be upheld if supported by substantial evidence (see Matter of Romanko v New York Univ., 154 AD3d 1031, 1032 [2017]; Matter of Greco-Meyer v Nassau County Police Dept., 139 AD3d at 1297).
The record discloses that, although claimant suffered from chronic back and neck problems for an extended period of time after she was classified as permanently partially disabled, she continued to perform her clerical duties at the Department of Motor Vehicles on a fairly consistent basis for many years. The longest period of time that she was out of work was the six-month period following her June 2016 neck surgery. Notably, when she returned, she resumed her regular duties and continued to do so until her retirement. Claimant testified that her neck and back injuries did not significantly interfere with her work, other than making her a bit slower. In addition, she testified that, when she decided to retire, she opted for a regular service retirement because she had reached the necessary age and did not pursue a disability retirement. Although claimant stated that she received medical advice from one physician to retire, the record does not contain any substantiating medical documentation. Under the circumstances presented, substantial evidence supports the Board's finding that claimant's work-related injuries did not cause or contribute to her decision to retire (see Matter of Greco-Meyer v Nassau County Police Dept., 139 AD3d at 1298). Accordingly, given that she voluntarily withdrew from the labor market, claimant was not entitled to an award of reduced earnings subsequent to the date of her retirement. In view of the foregoing, we find no reason to disturb the Board's decision.
Egan [*3]Jr., J.P., Lynch, Aarons and Colangelo, JJ., concur.
ORDERED that the decisions are affirmed, without costs.



Footnotes

Footnote 1: Claimant had a previously established claim for work-related injuries sustained in 1987 that also involved her back and neck.

Footnote 2: Benefits were apportioned equally between the two claims.

Footnote 3: As claimant has not raised any arguments in her brief with respect to the denial of her application for reconsideration and/or full Board review, her appeal from said decision is deemed abandoned (see Matter of Rossi v Albert Pearlman Inc., 188 AD3d 1362, 1362 n [2020]; Matter of Perry v All Am. Sch. Bus Corp., 181 AD3d 1113, 1114 n 1 [2020]).