Matter of Wilber v Hamister Group, LLC (2023 NY Slip Op 01717)

Matter of Wilber v Hamister Group, LLC

2023 NY Slip Op 01717

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

534921
[*1]In the Matter of the Claim of Elizabeth Wilber, Respondent,
v
Hamister Group, LLC, et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:February 22, 2023

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and Ceresia, JJ.

Hamberger & Weiss LLP, Buffalo (John D. Land of counsel), for appellants.
Law Office of Tori Jacobs, PLLC, Buffalo (Thorice M. Jacobs of counsel), for Elizabeth Wilber, respondent.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Ceresia, J.
Appeal from a decision of the Workers' Compensation Board, filed August 12, 2021, which ruled that claimant was entitled to ongoing indemnity benefits after she had been classified as permanently partially disabled.
Claimant, a licensed practical nurse, sustained various injuries while working for the employer in May 2017. In January 2020, upon the parties' stipulation, a Workers' Compensation Law Judge (hereinafter WCLJ) classified claimant with a 70% permanent partial disability as a result of her work-related injuries and awarded her workers' compensation benefits. Roughly nine months later, the employer offered claimant part-time work allegedly within her medical restrictions, which offer claimant rejected. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) thereafter filed a request for further action seeking the suspension of claimant's benefits based upon her refusal to accept its offer of modified-duty employment. Following a hearing, the WCLJ found that claimant remained entitled to benefits, notwithstanding her refusal of the offer of employment. Upon administrative appeal, the Workers' Compensation Board affirmed, finding that claimant was not required to demonstrate an ongoing labor market attachment pursuant to Workers' Compensation Law § 15 (3) (w). The carrier appeals.
The carrier's sole contention on appeal is that claimant's refusal of an offer for part-time employment within her medical restrictions constitutes her voluntary removal from the labor market such that she is no longer entitled to continuing indemnity benefits. We disagree. The Board's decision rests upon application of the 2017 amendment to Workers' Compensation Law § 15 (3) (w), which provides in pertinent part that, in certain cases of permanent partial disability, "[c]ompensation . . . shall be payable during the continuance of such permanent partial disability, without the necessity for the claimant who is entitled to benefits at the time of classification to demonstrate ongoing attachment to the labor market" (Workers' Compensation Law § 15 [3] [w]; see Matter of O'Donnell v Erie County, 35 NY3d 14, 18-19, 21 [2020]). Application of this section requires that "the claimant must have been classified initially as permanently partially disabled and found to be entitled to a loss of wage earnings compensation award" (Matter of O'Donnell v Erie County, 35 NY3d at 21).
Here, upon stipulation of the parties, claimant was classified as permanently partially disabled in 2020 and was awarded indemnity benefits. At the time of classification, the WCLJ found that claimant was not working; notably, there was no finding that claimant had voluntarily withdrawn from the labor market. Under these circumstances, we agree with the Board that, pursuant to Workers' Compensation Law § 15 (3) (w), claimant was not required to demonstrate her ongoing attachment to the labor market following her classification in order to be entitled [*2]to continuing benefits (see Workers' Compensation Law § 15 [3] [w]; Matter of O'Donnell v Erie County, 35 NY3d at 17-18, 21; Matter of Georges v Zotos Intl. Inc., 198 AD3d 1047, 1050-1051 [3d Dept 2021]; Matter of Ireland v Cattaraugus County Dept. of Nursing Homes-Olean Pines, 182 AD3d 956, 958 [3d Dept 2020]; compare Matter of Farrulla v SUNY at Stony Brook, 193 AD3d 1206, 1208 [3d Dept 2021]). The carrier's remaining arguments, to the extent not explicitly discussed herein, have been examined and found to be lacking in merit. Accordingly, we find no basis to disturb the Board's decision.
Garry, P.J., Egan Jr., Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, with costs to claimant.