Matter of Losquadro v Nassau County Police Dept. (2024 NY Slip Op 01595)

Matter of Losquadro v Nassau County Police Dept.

2024 NY Slip Op 01595

Decided on March 21, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 21, 2024

CV-23-0503
[*1]In the Matter of the Claim of Dean V. Losquadro, Appellant,
v
Nassau County Police Department et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:February 13, 2024

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, Fisher and Powers, JJ.

Fusco, Brandenstein & Rada, PC, Woodbury (Jesse Sigismonti of counsel), for appellant.
Vecchione, Vecchione, Connors & Cano, LLP, Garden City Park (Michael F. Vecchione of counsel), for Nassau County Police Department and another, respondents.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed December 30, 2022, which ruled, among other things, that claimant voluntarily removed himself from the labor market.
Claimant, a police officer and a union representative on the executive board, tripped and fell in February 2021 on his way to internal affairs to represent another police officer and subsequently established a workers' compensation claim for injuries to his left shoulder, neck and back. Claimant continued to work until October 12, 2021, was released to return to work on December 21, 2021 and thereafter opted for a normal service retirement with approximately 34 years of service, effective December 30, 2021. Claimant thereafter raised the issue of involuntary retirement as a result of the February 2021 established injuries. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) found, among other things, that claimant involuntarily retired from his employment. Regarding awards, the WCLJ, among other things, made awards at a tentative rate noting that claimant could submit further medical evidence as to the degree of disability. Upon administrative review, the Workers' Compensation Board modified the WCLJ's decision, finding that claimant submitted insufficient credible evidence to show that his retirement was an involuntary withdrawal related to the disability for injuries stemming from the February 2021 accident. As such, the Board rescinded, among other things, any awards for the period subsequent to December 2021. Claimant appeals.
We affirm. "Generally, a claimant who voluntarily withdraws from the labor market by retiring is not entitled to workers' compensation benefits unless the claimant's disability caused or contributed to the retirement" (Matter of Rivera v Joseph L. Balkan, Inc., 193 AD3d 1214, 1214-1215 [3d Dept 2021] [internal quotation marks and citations omitted]). To that end, the Board, which is the sole arbiter of credibility, is vested with resolving the factual issue of whether there has been a voluntary withdrawal, and its determination will not be disturbed if supported by substantial evidence (see Matter of Saporito v Office of Ct. Admin., 217 AD3d 1031, 1032-1033 [3d Dept 2023]; Matter of Vankoevering v New York State Canal Corp., 211 AD3d 1301, 1302-1303 [3d Dept 2022]).
In determining that claimant did not provide sufficient evidence establishing that he involuntarily retired, the Board noted that claimant had two prior established workers' compensation claims in 1991 and 1994, each resulting in permanent partial disability classifications, and included injuries to, among other areas, his back, neck, left shoulder and head. Not only do the medical reports from claimant's orthopedic surgeon for the instant claim specifically note that claimant denied any prior neck injury, they also do not include any evaluation of whether the current disability purportedly leading to his retirement bore any relation to the prior permanent [*2]partial disabilities. Further, although the medical reports state that claimant is disabled from his employment as a police officer, there is no indication in the medical report that claimant discussed with the orthopedic surgeon that, although still a police officer, he was engaged in an administrative, light-duty capacity as a union representative and has not carried a firearm since at least 2005.
In addition, the diagnostic medical imaging of claimant's injury in relation to the instant accident, specifically his shoulder and cervical, lumbar and thoracic spine, noted degenerative conditions, in some cases significant. Further, it was only after claimant opted for regular service retirement that the orthopedic surgeon noted this was consistent with his recommendation. As noted by the Board, the medical reports reflect that claimant continued follow-up treatment and received conservative medical treatment at the time of his retirement and, although a progressive worsening of claimant's condition was indicated in the medical records, the objective medical findings indicated no significant change in his condition since first being treated in March 2021. Finally, to the extent that claimant testified that he requested to return to work in December 2021 only in order to attend a memorial service, and that, but for the instant injuries, he would have continued to work, the police surgeon report and testimony from that office did not reflect any qualifying reason for clearing claimant to return to his light-duty assignment on December 21, 2021. In view of the foregoing, and deferring to the Board's credibility determinations, substantial evidence supports the Board's determination that the evidence submitted was insufficient to establish that claimant's retirement was an involuntary withdrawal related to a disability from the February 2021 injuries (see Matter of Rivera v Joseph L. Balkan, Inc., 193 AD3d at 1216; Matter of Yannucci v Consolidated Freightways, 6 AD3d 945, 947 [3d Dept 2004]).
Garry, P.J., Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.