Matter of Gonzalez v Northeast Parent & Child Socy. (2024 NY Slip Op 05612)

Matter of Gonzalez v Northeast Parent & Child Socy.

2024 NY Slip Op 05612

Decided on November 14, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 14, 2024

CV-23-1272
[*1]In the Matter of the Claim of Wilfredo Gonzalez, Claimant,
v
Northeast Parent & Child Society et al., Respondents. Workers' Compensation Board, Respondent. Law Firm of Alex Dell, PLLC, Appellant.

Calendar Date:October 16, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

Law Firm of Alex Dell, PLLC, Albany (Edward Obertubbesing of counsel), for appellant.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.

Reynolds Fitzgerald, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed July 6, 2023, which denied counsel's application for an award of counsel fees, and (2) from a decision of said Board, filed September 1, 2023, which denied counsel's application for reconsideration and/or full Board review.
Claimant filed a claim for workers' compensation benefits after he was injured at work in October 2021. Various proceedings ensued and the claim was established for a causally-related injury to claimant's low back. Thereafter, claimant's average weekly wage was set and the carrier was directed to pay awards at varying rates. Claimant's counsel was granted a fee of $2,189.93 as a lien on claimant's award pending receipt of a counsel fee application. On March 2, 2023, claimant's counsel requested a hearing to address a late penalty, noting that the carrier had failed to pay claimant's awards and counsel fee. The next day, the carrier paid claimant the overdue awards. At a hearing on the matter, the carrier conceded that it had not timely paid claimant's award and agreed that it owed a penalty. The Workers' Compensation Law Judge assessed the carrier a late payment penalty pursuant to Workers' Compensation Law § 25 (3) (f) for $2,744.83 — 20% of the award it had paid untimely — payable to claimant. A late installment penalty pursuant to Workers' Compensation Law § 25 (l) (e) was also assessed in the amount of $205.24 — 20% of the installment award it had paid late — payable to claimant. At the hearing, claimant's counsel requested an additional $480 in counsel fees — roughly 15% of the penalties assessed in claimant's favor — but the request was denied pursuant to Workers' Compensation Law § 24. Upon review, the Workers' Compensation Board upheld the denial of the requested counsel fees upon the same basis. Claimant's counsel's subsequent application for reconsideration and/or full Board review was denied, and these appeals ensued.[FN1]
We affirm. Workers' Compensation Law § 24 was recently amended, effective January 1, 2023, to provide, in relevant part, that "[c]laims of attorneys and counselors-at-law for legal services . . . shall not be enforceable unless approved by the board" (Workers' Compensation Law § 24 [2]). Further, "[t]he board shall approve such written and submitted fee application[s] in an amount commensurate with the services rendered and the amount of compensation awarded, having due regard for the financial state of the claimant in accordance with each applicable provision of the . . . schedule" set forth therein (Workers' Compensation Law § 24 [2]). Of significance here, nothing in that statutory provision provides for the award of counsel fees payable from a penalty imposed, whether made pursuant to Workers' Compensation Law § 25 or otherwise (see Workers' Compensation Law §§ 24, 25). Had the Legislature desired to provide for the award of counsel fees payable from penalties imposed, it could have done so by including same among the counsel fees [*2]schedule expressly set forth under Workers' Compensation Law § 24 when it amended the statute (see generally McKinney's Cons Law of NY, Book 1, Statutes §§ 74, 363; Commonwealth of the N. Mariana Is. v Canadian Imperial Bank of Commerce, 21 NY3d 55, 62 [2013]; Waldman v State of New York, 163 AD3d 1114, 1116 [3d Dept 2018], lv denied 32 NY3d 910 [2018]). Accordingly, and as the Board's regulations expressly provide that, in approving an application for counsel fees, "[t]he Board shall apply the provisions of the schedule set forth in [Workers' Compensation Law § 24 (2)]" (12 NYCRR 300.17 [e]), we find that claimant's counsel's request for fees payable from penalties awarded to claimant was properly denied (see Workers' Compensation Law § 24).
Aarons, J.P., Fisher, McShan and Mackey, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: As claimant's counsel has not raised any arguments in his brief on appeal with respect to the denial of his application for reconsideration and/or full Board review, his appeal therefrom is deemed abandoned (see Matter of Farrulla v SUNY at Stony Brook, 193 AD3d 1206, 1207 n 3 [3d Dept 2021]).