Matter of Neira-Bernal v SIG Contr. Corp. (2020 NY Slip Op 02849)





Matter of Neira-Bernal v SIG Contr. Corp.


2020 NY Slip Op 02849


Decided on May 14, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 14, 2020

530319

[*1]In the Matter of the Claim of Luis A. Neira-Bernal, Appellant,
v
SIG Contracting Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: March 27, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


The Weinstein Law Group, LLC, New York City (Rudolf B. Radna of counsel), for appellant.
Bedoya & Hussain Law Firm, LLC, Paramus, New Jersey (Usra S. Hussain of counsel), for SIG Contracting Corp. and another, respondents.



Mulvey, J.
Appeal from a decision of the Workers' Compensation Board, filed April 25, 2019, which, among other things, denied claimant's request to amend his claim to include a traumatic brain injury and ruled that claimant did not sustain consequential posttraumatic stress disorder.
On June 6, 2016, claimant, a construction worker, sustained various injuries when he fell six feet from scaffolding. By decision filed February 17, 2017, a Workers' Compensation Law Judge (hereinafter WCLJ) established the case for causally-related injuries to claimant's neck, back, shoulders, elbows, wrists, hips, knees and ankles and awarded claimant workers' compensation benefits. Thereafter, claimant sought to amend his claim to include a causally-related traumatic brain injury (hereinafter TBI) and consequential posttraumatic stress disorder (hereinafter PTSD). By reserved decision filed January 30, 2018, a WCLJ granted his request. Upon review, the Workers' Compensation Board, by decision filed June 26, 2018, rescinded the WCLJ's decision, without prejudice, and returned the matter to the WCLJ to determine, with a stated rationale, the credibility of the medical evidence and the establishment of a TBI and PTSD, among other things.
On remittal, the WCLJ determined that claimant's alleged TBI was not causally related, but that he established a consequential injury of PTSD. Upon review, by decision filed April 25, 2019, the Board, as is pertinent here, found that the amendment of the claim to include a TBI was properly disallowed, but rescinded the WCLJ's amendment of the case to include a consequential injury of PTSD. Claimant appeals.
We affirm. Initially, the award of workers' compensation benefits for a compensable injury necessitates a threshold determination as to the existence of an injury in the first instance (see Workers' Compensation Law § 10; Matter of Murrah v Jain Irrigation, Inc., 157 AD3d 1088, 1089-1090 [2018]; see generally Matter of Jewett v New York City Tr. Auth., 174 AD3d 1254, 1254 [2019]; Matter of Schwartz v State Ins. Fund, 120 AD3d 1450, 1451 [2014], lv denied 24 NY3d 910 [2014]). The Board's determination in this regard will not be disturbed so long as it is supported by substantial evidence (see Matter of Murrah v Jain Irrigation, Inc., 157 AD3d at 1089). As to claimant's request to amend his claim to include an alleged TBI and consequential PTSD, the Board is vested with the authority to resolve conflicting medical opinions and to "draw reasonable inferences from record evidence" (Matter of Bagnato v General Elec., 156 AD3d 1268, 1269 [2017] [internal quotation marks and citation omitted]; see Matter of Jewett v New York City Tr. Auth., 174 AD3d at 1254; Matter of Schwartz v State Ins. Fund, 120 AD3d at 1451).
Here, the Board credited the testimony and reports of William Head Jr., a physician specializing in psychiatry, neurology and brain injuries, who conducted an independent medical examination of claimant in February 2017 and reviewed his medical records related to the accident. At Head's request, he obtained and reviewed additional medical documentation and later amended his report in June 2017. As to claimant's alleged TBI, Head found that, upon review of multiple CT and MRI scans of claimant's head, there was "no evidence of brain injury or other abnormality, within the brain." Further, he noted that a CT scan of claimant's head on the day of the accident revealed "no evidence of acute [TBI]." As to claimant's alleged consequential PTSD, upon examination and various cognitive assessment tests, Head concluded that there was no objective evidence of any psychiatric condition or cognitive impairment and that claimant "attempt[ed] to simulate cognitive impairment" during his examination. Head's testimony echoed his prior findings. Notably, Maria Sesin, claimant's treating psychologist since the accident, did not diagnose claimant with PTSD in any of her progress reports that are included in the record, which span a period of roughly 18 months. Although the opinions of other medical experts who examined and treated claimant following the accident could support a contrary conclusion, according deference to the Board's resolution of the conflicting medical testimony, we find that the determination not to amend the claim to include a TBI or a consequential psychological injury for PTSD is supported by substantial evidence (see Matter of Schmerler v Longwood Sch. Dist., 163 AD3d 1373, 1374-1375 [2018], lv denied 32 NY3d 910 [2018]; Matter of Johnson v Adams & Assoc., 140 AD3d 1552, 1553 [2016]; Matter of Schwartz v State Ins. Fund, 120 AD3d at 1451-1452).
Garry, P.J., Egan Jr., Lynch and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is affirmed, without costs.