Matter of Bruno v World Trade Ctr. Volunteer Fund (2020 NY Slip Op 03162)





Matter of Bruno v World Trade Ctr. Volunteer Fund


2020 NY Slip Op 03162


Decided on June 4, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 4, 2020

529476

[*1]In the Matter of the Claim of James Bruno, Appellant,
v
World Trade Center Volunteer Fund et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: May 19, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ.


Geoffrey Schotter, New York City, for appellant.
Manes & Manes, Armonk (Suhaib Ali of counsel), for World Trade Center Volunteer Fund and another, respondents.



Lynch, J.P.
Appeal from a decision of the Workers' Compensation Board, filed January 4, 2019, which ruled, among other things, that claimant failed to demonstrate an attachment to the labor market and rescinded his prior award of benefits.
Claimant, a volunteer at the World Trade Center site, was medically discharged from the United States Army on November 28, 2012 and has an established claim for, among other conditions, gastritis, rhinosinusitis, asthma and obstructive sleep apnea. In April 2018, a Workers' Compensation Law Judge (hereinafter WCLJ) awarded claimant benefits at a tentative rate — beginning March 8, 2018 and continuing — and directed claimant to produce proof of either a total industrial disability or labor market attachment; the World Trade Center Volunteer Fund and its third-party administrator (hereinafter collectively referred to as the third-party administrator) took exception to the award and sought review of the WCLJ's decision. While that appeal was pending, the WCLJ — by decision filed July 18, 2018 — directed the third-party administrator to suspend payments as of July 13, 2018 based upon claimant's failure to produce the requested proof at a hearing held on that date.[FN1]
Shortly thereafter, the Workers' Compensation Board rendered a decision on the third-party administrator's administrative appeal, noting that claimant's prior testimony, which apparently was taken at a February 2018 hearing, could not be transcribed and that no date of disablement had been set. Concluding that it could not resolve the contested issues without further development of the record, the Board modified the WCLJ's decision by rescinding, without prejudice, all prior awards and directed that the matter be restored to the hearing calendar for the purpose of taking claimant's testimony and making a determination regarding his withdrawal from the labor market and labor market attachment.
Following a hearing in September 2018, the WCLJ, among other things, directed claimant to produce proof of either labor market attachment or a causally-related disability and continued the matter for further proceedings. Additional testimony was taken and, in October 2018, the WCLJ found that claimant did not voluntarily withdraw from the labor market, again directed claimant to tender proof of labor market attachment or a total disability, reinstated the previously rescinded award (covering the period from March 8, 2018 through July 13, 2018) and tentatively set a new hearing date. The third-party administrator sought Board review, contending, among other things, that claimant's separation from military service was not involuntary and that reinstatement of the award was improper absent proof of labor market attachment. By decision filed January 4, 2019, the Board found, among other things, that although claimant's withdrawal from the labor market was not voluntary, he failed to produce sufficient evidence of labor market attachment. Accordingly, the Board modified the WCLJ's decision by, insofar as is relevant here, again rescinding the benefits previously awarded. Claimant appeals, contending that the Board erred in rescinding the benefits awarded from March 8, 2018 through July 13, 2018.
The record reflects that the third-party administrator first raised the issue of labor market attachment at a hearing held on April 13, 2018. No testimony was taken at that time, and the matter was adjourned for further development of the record, i.e., for claimant to produce evidence of either labor market attachment or a total industrial disability. Claimant was first afforded that opportunity at the July 13, 2018 hearing, at which time the WCLJ determined that claimant failed to tender the necessary proof. The Board has held that "the appropriate date of a finding of no labor market attachment is not the date the issue is raised, but rather the date that evidence showing a lack of labor market attachment is submitted" (Employer: Staffworks, 2015 WL 5818143, *5, 2015 NY Wrk Comp LEXIS 8538, *14 [WCB No. G050 2391, Oct. 2, 2015]). Given that claimant failed to provide the required proof at the July 13, 2018 hearing, the suspension and eventual rescission of his benefits as of that date was entirely proper (see Matter of McKinney v United States Roofing Corp., 150 AD3d 1377, 1379 [2017]). Prior to that date, however, a finding of no labor market attachment was inappropriate; therefore, the Board erred in rescinding the award of benefits covering the period from March 8, 2018 through July 13, 2018, and its decision must be modified to this extent.
Clark, Devine, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as rescinded claimant's award of benefits from March 8, 2018 through July 13, 2018; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.



Footnotes

Footnote 1: The record does not contain a transcript of the referenced hearing.