Matter of Castro v Baybrent Constr. Corp. (2020 NY Slip Op 05558)





Matter of Castro v Baybrent Constr. Corp.


2020 NY Slip Op 05558


Decided on October 8, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 8, 2020

530001

[*1]In the Matter of the Claim of Korrein Castro, Appellant,
v
Baybrent Construction Corp. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date: September 16, 2020

Before: Garry, P.J., Egan Jr., Lynch, Mulvey and Reynolds Fitzgerald, JJ.


The Perecman Firm, PLLC, New York City (Edward W. Guldi of counsel), for appellant.
Tanisha S. Edwards, State Insurance Fund, New York City (Rudolph Rosa Di Sant of counsel), for Baybrent Construction Corp. and another, respondents.



Reynolds Fitzgerald, J.
Appeal from a decision of the Workers' Compensation Board, filed August 16, 2019, which ruled, among other things, that claimant voluntarily withdrew from the labor market.
Claimant, a tile finisher and a member of a union, established a claim for work-related injuries to her right elbow and right knee, stemming from a December 4, 2018 accident wherein she was hit with falling scaffolding. Claimant returned to work on December 6, 2018 without restrictions and continued to work until she was laid off from her job on December 14, 2018. Thereafter, on December 21, 2018, claimant's physician opined, based upon his examination of claimant and the results of an MRI, that claimant sustained a total temporary impairment due to her injuries. Following a hearing as to whether claimant's wage loss was related to her disability, the Workers' Compensation Law Judge ruled that claimant was entitled to indemnity benefits beginning December 21, 2018. The Workers' Compensation Board modified that decision and ruled that claimant was not entitled to indemnity awards inasmuch as her loss of earnings was due to reasons unrelated to her disability and that she had voluntarily withdrawn from the labor market. Claimant appeals.
We affirm. "Generally, a claimant who voluntarily withdraws from the labor market . . . is not entitled to workers' compensation benefits unless the claimant's disability caused or contributed to the [withdrawal]" (Matter of Tomaine v City of Poughkeepsie Police, 178 AD3d 1256, 1257 [2019] [internal quotation marks and citation omitted]). Whether a claimant has voluntarily withdrawn from the labor market is a factual determination, and the Board's decision in that regard will not be disturbed if it is supported by substantial evidence (see Matter of Garcia v MCI Interiors, Inc., 173 AD3d 1575, 1575 [2019]; Matter of Hunter v Town of Hempstead, 127 AD3d 1539, 1539 [2015]).
The record establishes that claimant returned to work following her injury without restrictions. Claimant and the employer's field supervisor both testified that claimant was laid off on December 14, 2018 and that claimant was informed that the layoff was due to a lack of work, as the job for which she was hired had been completed. Claimant acknowledged that she thereafter withheld her name from the union's "Out of Work List" and has made no attempts to otherwise find employment outside her union restrictions, but applied for, and received, unemployment insurance benefits, indicating that she was able and ready to return to work. Furthermore, the field representative for her union testified that work has been available for union members since December 15, 2018. In view of the foregoing, substantial evidence supports the Board's decision that claimant's loss of earnings was due to her voluntary withdrawal from the labor market following her layoff on December 14, 2018 and not as a result of her work-related disability (see Matter of Garcia v MCI Interiors, Inc., 173 AD3d at 1576). The fact that claimant's physician found, subsequent to claimant's withdrawal from the labor market, that she was temporarily totally disabled due to her work-related injuries does not compel a different result (see id.; Matter of Hunter v Town of Hempstead, 127 AD3d at 1540; Matter of Bacci v Staten Is. Univ. Hosp., 32 AD3d 582, 584 [2006]). As such, the Board's decision will not be disturbed.
Garry, P.J., Egan Jr., Lynch and Mulvey, JJ., concur.
ORDERED that the decision is affirmed, without costs.