Matter of Blanch v Delta Air Lines (2022 NY Slip Op 02472)

Matter of Blanch v Delta Air Lines

2022 NY Slip Op 02472

Decided on April 14, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 14, 2022

533488
[*1]In the Matter of the Claim of Portia Blanch, Appellant,
v
Delta Air Lines et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:March 24, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Schotter, Millican, Sinaniyeva & Masilela, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Jones Jones LLC, New York City (Dana R. Sabghir of counsel), for Delta Air Lines and another, respondents.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed December 11, 2020, which, among other things, denied claimant's request to amend her claim to include consequential postconcussion syndrome with associated headaches and anxiety.
On June 20, 2018, claimant, a flight attendant for the employer, sustained injuries when she made a sudden turn to respond to a coworker and bumped her head on a corner part of an overhead bin. Claimant thereafter filed a claim for workers' compensation benefits alleging various head and neurological-related injuries. The claim was accepted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier), was later established for a work-related injury to the head, and claimant was awarded ongoing temporary total indemnity benefits. Following a May 2020 hearing at which the carrier raised the issue of claimant's labor market attachment, a Workers' Compensation Law Judge (hereinafter WCLJ) found prima facie medical evidence for postconcussion syndrome with posttraumatic headaches and directed, among other things, claimant to produce prima facie evidence regarding the psychological portion of her claim. Following the deposition of Julian A. Bragg, claimant's treating neurologist, to address causation, and a subsequent July 13, 2020 hearing at which claimant provided testimony regarding, among other things, her attachment to the labor market, the WCLJ found, in a July 2020 notice of decision, that claimant failed to demonstrate that her alleged postconcussion syndrome with associated headaches and anxiety was causally related and disallowed her request to amend the claim to include those alleged injuries. The WCLJ also found that claimant had voluntarily removed herself from the labor market subsequent to July 6, 2018 and therefore suffered no compensable lost time as of July 7, 2018. Upon administrative appeal, the Workers' Compensation Board affirmed, finding that the record evidence did not support a causal nexus between claimant's proffered symptomology and her employment and that claimant provided incredible testimony concerning the circumstances surrounding her failure to return to work. Claimant appeals.
"The Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Park v Corizon Health Inc., 158 AD3d 970, 971 [2018] [internal quotation marks and citations omitted], lv denied 31 NY3d 909 [2018]; see Matter of Johnson v Adams & Assoc., 140 AD3d 1552, 1553 [2016]). "In addition, as the party seeking benefits, claimant bears the burden of establishing, by competent medical evidence, a causal connection or relationship between her employment and the claimed disability" (Matter of Christensen-Mavrigiannakis v Nomura Sec. Intl., Inc., 175 AD3d 1748, 1752 [2019] [internal quotation marks, brackets and citations [*2]omitted]; see Matter of Richman v New York State Workers' Compensation Bd., 199 AD3d 1216, 1217 [2021]; Matter of Maldonado v Doria, Inc., 192 AD3d 1247, 1248 [2021]). As to claimant's request to amend her claim to include alleged postconcussion syndrome with associated headaches and anxiety, "the Board is vested with the authority to resolve conflicting medical opinions and to 'draw reasonable inferences from record evidence'" (Matter of Neira-Bernal v SIG Contr. Corp., 183 AD3d 1103, 1104 [2020], quoting Matter of Bagnato v General Elec., 156 AD3d 1268, 1269 [2017]; see Matter of Schmerler v Longwood Sch. Dist., 163 AD3d 1373, 1374 [2018], lv denied 32 NY3d 910 [2018]; Matter of Burgos v Citywide Cent. Ins. Program, 148 AD3d 1493, 1494 [2017], affd 30 NY3d 990 [2017]; Matter of Schwartz v State Ins. Fund, 120 AD3d 1450, 1451 [2014], lv denied 24 NY3d 910 [2014]).
When Bragg examined claimant in August 2018, he diagnosed her with postconcussion syndrome, occipital neuralgia, acute posttraumatic headaches (intractable), other symptoms and signs involving cognitive functions and awareness, somatoform (unspecified) and other visual disturbances. Bragg testified that, during his examination of claimant, he did not see "any signs of neurological deficits" to support claimant's self-reported symptomology and that he suspected most of claimant's diagnosed symptoms were "coming from emotional amplification." At that examination, Bragg explained to claimant that she was "having symptoms consistent with a mild concussion" and that he "expected her to recover given the absence of any clear neurological deficits on the examination." He also referred her to see a psychiatrist to help with her anxiety. Bragg further opined that the advanced imaging results from an October 2018 MRI were "essentially normal," that claimant's reported symptoms had no physiological or neurological explanations and that there were no objective findings to support the existence of posttraumatic headaches. Bragg acknowledged that claimant subjectively experienced her reported symptoms but found that "they are coming from an emotional source rather than a physical one" and that he did not "have much else to add for her in the way of treatment." Bragg also opined that he never took claimant out of work and that, at the time of his August 2018 examination, claimant was able to work subject to certain light-duty restrictions with permitted breaks as needed for headaches. As the Board found, the record evidence demonstrates that Bragg treated claimant for over a year and that her condition remained stable, unchanged and was caused and/or amplified by her emotional disposition and not attributable to her work-related accident. In view of the foregoing, and according deference to the Board's assessments of credibility, we find that substantial evidence in the record supports its decision to disallow claimant's request to amend her claim in the manner sought (see Matter of Neira-Bernal [*3]v SIG Contracting Corp., 183 AD3d at 1104; Matter of Christensen-Mavrigiannakis v Nomura Sec. Intl., Inc., 175 AD3d at 1753-1754; Matter of Molette v New York City Tr. Auth., 166 AD3d 1278, 1278 [2018]).
Turning to the Board's finding that claimant voluntarily removed herself from the labor market on or about July 6, 2018 while she was receiving temporary indemnity benefits,[FN1] such a finding "is a factual determination to be made by the Board, and its decision will be upheld when supported by substantial evidence" (Matter of Ballou v Southworth-Milton, Inc., 107 AD3d 1084, 1085 [2013]; see Matter of Zamora v New York Neurologic Assoc., 19 NY3d 186, 192-193 [2012]; Matter of Canela v Sky Chefs, Inc., 193 AD3d 1216, 1216 [2021]; Matter of Policarpio v Rally Restoration Corp., 189 AD3d 1796, 1797 [2020]). Claimant provided no proof that she was attached to the labor market on or after July 6, 2018. Inasmuch as claimant was unable to recall the name of anyone from the carrier that she spoke to about light-duty work and whether such a conversation had even taken place, the Board was entitled to find, as it did, claimant's testimony "wholly incredible." Accordingly, substantial evidence supports the Board's finding that claimant voluntarily removed herself from the labor market (see Matter of DeWald v Fiorella's Landscaping, 194 AD3d 1327, 1328 [2021]; Matter of Canela v Sky Chefs, Inc., 193 AD3d at 1216-1217; Matter of Ballou v Southworth-Milton, Inc., 107 AD3d at 1085).
However, we agree with claimant that the Board erred in finding that she failed to demonstrate labor market attachment subsequent to July 6, 2018. "The Board has held that the appropriate date of a finding of no labor market attachment is not the date the issue is raised, but rather the date that evidence showing a lack of labor market attachment is submitted" (Matter of Bruno v World Trade Ctr. Volunteer Fund, 184 AD3d 929, 931 [2020] [internal quotation marks and citations omitted]). The carrier raised the issue of labor market attachment at the May 2020 hearing, and claimant provided testimony on that issue at the July 13, 2020 hearing. Accordingly, the applicable date for the Board's finding of no labor market attachment is July 13, 2020. The Board therefore erred in rescinding claimant's indemnity benefits covering the period July 7, 2018 through July 12, 2020, and its decision must be modified to that extent (see id.).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as rescinded claimant's award of benefits from July 7, 2018 through July 12, 2020; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: To the extent that this Court's decision in Matter of Bowers v New York City Tr. Auth. (178 AD3d 1172, 1173 [2019]) can be interpreted to hold that a "[c]laimant's obligation to demonstrate attachment to the labor market is predicated — in the first instance — upon a finding of a permanent partial disability" and that the directive to demonstrate labor market attachment does not apply or is premature while a partially disabled claimant receives temporary indemnity benefits, such an interpretation is incorrect (compare id., with Matter of DeWald v Fiorella's Landscaping, 194 AD3d 1327, 1328 [2021] [stating that "(i)mplicit in the Board's . . . finding of (a) temporary partial disability is the requirement that (the) claimant provide evidence of his (or her) attachment to the labor market" (internal quotation marks and citation omitted)], and Matter of Bruno v World Trade Ctr. Volunteer Fund, 184 AD3d 929, 930-931 [2020]). To the contrary, the obligation and "framework pre-classification" to demonstrate labor market attachment was not changed by the 2017 amendment to Workers' Compensation Law § 15 (3) (w) (Matter of O'Donnell v Erie County, 35 NY3d 14, 20 [2020]; see e.g. Matter of Policarpio v Rally Restoration Corp., 189 AD3d 1796, 1796-1797 [2020]).