Matter of Hernandez v AABCO Sheet Metal (2022 NY Slip Op 04074)

Matter of Hernandez v AABCO Sheet Metal

2022 NY Slip Op 04074

Decided on June 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 23, 2022

533436
[*1]In the Matter of the Claim of Jerome Hernandez, Claimant,
v
AABCO Sheet Metal et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date:May 25, 2022

Before:Egan Jr., J.P., Clark, Aarons, Fisher and McShan, JJ.

Hamberger & Weiss LLP, Rochester (Ronald E. Weiss of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed December 15, 2020, which ruled, among other things, that claimant did not voluntarily withdraw from the labor market, and awarded him wage loss benefits.
Claimant, a sheet metal worker and union member, was laid off from his project-based employment in February 2008 when the job for which he had been hired was completed. He fell seriously ill a couple of weeks later and went to the hospital where he was diagnosed with various medical conditions, including a pulmonary embolism and nodules on his lungs and liver. At that time, a treating physician noted that claimant had been exposed to asbestos while employed as a sheet metal worker. Owing to his medical conditions, claimant was unable to secure employment and ultimately retired in August 2008. In 2010, claimant was diagnosed with work-related asbestosis and, the following year, he filed a claim for workers' compensation benefits. At a hearing in December 2011, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) raised the issue of voluntary withdrawal and labor market attachment but the Workers' Compensation Law Judge (hereinafter WCLJ) disallowed the claim on the basis that claimant had not been exposed to asbestos during his employment with the employer. However, in February 2013, the Workers' Compensation Board reversed the WCLJ's decision and established the claim for asbestosis, finding that claimant's last exposure occurred while he worked for the employer. The Board's decision was affirmed on full Board review and the case was reopened to address any other outstanding issues.
Various proceedings ensued and, in 2014, claimant filed a request for further action, seeking an award of benefits for lost time. In January 2019, pursuant to the WCLJ's direction during a 2015 hearing, claimant produced documentation regarding his retirement as it related to the established claim for asbestosis. At a hearing held the following month, the carrier argued that claimant's retirement was not causally related to the established claim and, thus, that his withdrawal from the labor market had been voluntary. The carrier further raised the issue of labor market attachment. The WCLJ ultimately continued the case for claimant to provide further information as to the degree of disability and directed him to produce records regarding labor market attachment.
Following a hearing held on August 7, 2020, and based upon claimant's submissions and testimony, the WCLJ classified claimant with a permanent partial disability and awarded him wage loss benefits from July 8, 2015 to February 12, 2019, among other things. The Board affirmed, finding that claimant's withdrawal from the labor market was involuntary and that he was not required to demonstrate labor market attachment for the subject time period and was thus properly awarded benefits for that period. The carrier appeals.
We affirm[*2]. Initially, the carrier argues that claimant's withdrawal from the labor market was voluntary for the sole reason that he had been laid off by the employer.[FN1] Although the carrier previously raised the issue of voluntary withdrawal, the record reflects that the sole basis argued was that claimant's retirement was not causally related to his established claim for asbestosis. As the argument now raised by the carrier for the first time on appeal was not put before the Board, it is not properly before us (see Matter of Muller v Square Deal Machining, Inc., 183 AD3d 992, 993 [2020], appeal dismissed 35 NY3d 1100 [2020], lv denied 36 NY3d 909 [2021]; Matter of Murrah v Jain Irrigation, Inc., 157 AD3d 1088, 1089 [2018]; Matter of Xie v JP Morgan Chase, 150 AD3d 1360, 1362 [2017]). We nevertheless note that the mere fact that a layoff has occurred does not, in and of itself, render a claimant's withdrawal from the labor market voluntary, as a determination in this regard rests upon the claimant's actions, or lack thereof, following the layoff (see Matter of Castro v Baybrent Constr. Corp., 187 AD3d 1296, 1297 [2020]). Here, the record supports the Board's determination that claimant's decision to retire was not predicated upon having been laid off at the completion of his project-based work; rather, he was motivated by his numerous medical conditions, including those resulting from his work-related asbestosis (see Matter of Tomaine v City of Poughkeepsie Police, 178 AD3d 1256, 1257-1258 [2019]; Matter of Schirizzo v Citibank NA-Banking, 128 AD3d 1293, 1294 [2015]).
Turning to the issue of labor market attachment, although we agree with the carrier that the Board inaccurately stated the date on which the issue was first raised, the error is of no moment as "the appropriate date of a finding of no labor market attachment is not the date the issue is raised, but rather the date that evidence showing a lack of labor market attachment is submitted" (Matter of Bruno v World Trade Ctr. Volunteer Fund, 184 AD3d 929, 931 [2020] [internal quotation marks and citations omitted]; accord Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1207 [2022]). The record reflects that claimant was not directed to present evidence as to labor market attachment until the February 12, 2019 hearing, and prior hearings did not address this issue. Moreover, claimant was not found to be partially disabled for any relevant period of time until August 7, 2020 (see Matter of Poulard v Southside Hosp., 177 AD3d 1234, 1235-1236 [2019]; Matter of McKinney v United States Roofing Corp., 150 AD3d 1377, 1378 [2017]). Accordingly, we find no error in the Board's determination that claimant was not required to demonstrate labor market attachment for the period from July 8, 2015 to February 12, 2019 (see Matter of Blanch v Delta Air Lines, 204 AD3d at 1207; compare Matter of Bruno v World Trade Ctr. Volunteer Fund, 184 AD3d at 931).
Egan Jr., J.P., Clark, Aarons and Fisher, JJ., concur[*3].
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: As the carrier did not raise this argument before the Board, the Board cannot be faulted for not addressing it (see 12 NYCRR 300.13 [b] [2] [ii]; Matter of Miller v Mo Maier Ltd., 178 AD3d 1250, 1252 n 2 [2019]).