Matter of Molander v New York City Tr. Auth. (2022 NY Slip Op 05574)

Matter of Molander v New York City Tr. Auth.

2022 NY Slip Op 05574

Decided on October 6, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 6, 2022

534520
[*1]In the Matter of the Claim of Richard Molander, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:September 7, 2022

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Schotter Millican, LLP, New York City (Geoffrey Schotter of counsel), for appellant.
Jones Jones LLC, New York City (Katherine Caracappa of counsel), for New York City Transit Authority, respondent.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed May 12, 2021, which ruled, among other things, that claimant did not sustain any causally-related lost time.
Claimant, a mason, has an established claim pursuant to Workers' Compensation Law article 8-A for obstructive airway disease, gastroesophagael reflux disease, upper respiratory disease, sleep apnea and posttraumatic stress. Based upon the records provided, it appears that, although claimant began treating with various medical professionals in 2013, he worked "full duty" and did not incur any lost time between September 2015 and February 2020. Additionally, despite claimant's established respiratory diseases and the fact that he reported smoking one pack of cigarettes per day, claimant's 2017 and 2018 spirometry results were normal and his lung function was noted to be without a significant change.
In August 2018, claimant was convicted of an alcohol-related driving offense in Virginia, as a result of which his New York driver's license was revoked on January 23, 2020. The employer commenced a disciplinary proceeding against claimant — based upon, among other things, claimant's failure to maintain a valid driver's license — in early March 2020, and claimant testified that he first learned of the license revocation later that month. One day before his license was revoked, claimant sought and obtained an evaluation from an occupational medicine specialist for the stated purpose of pursuing workers' compensation relief, and the specialist opined that claimant should be placed on modified duties to "limit his exposure to dust as it has been triggering an exacerbation of his symptoms." When claimant presented a letter to that effect to his supervisor on February 4, 2020, he was informed that no such work was available, and claimant has not worked for the employer since that date.
Claimant filed a request for further action contending that he had sustained causally-related lost time beginning February 4, 2020 and continuing. Following hearings, the deposition of the occupational medicine specialist and a request that claimant produce additional medical records, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had not sustained any causally-related lost time since February 4, 2020. In so doing, the WCLJ found claimant to be a less than credible witness with respect to his allegedly worsening symptoms and, in any event, found insufficient medical evidence to establish that claimant's condition had worsened to the point that he no longer could perform the same duties that he had been performing — without any lost time from work — since 2015. Upon administrative review, the Workers' Compensation Board affirmed, prompting this appeal.
We affirm. As a general proposition, "a claimant who voluntarily withdraws from the labor market is not entitled to workers' compensation benefits unless the claimant's disability caused or contributed to the withdrawal" (Matter [*2]of Castro v Baybrent Constr. Corp., 187 AD3d 1296, 1297 [3d Dept 2020] [internal quotation marks, ellipsis, brackets and citations omitted]). Whether a claimant has voluntarily withdrawn from the labor market presents a factual issue for the Board to resolve, and the Board's determination — if supported by substantial evidence — will not be disturbed (see Matter of Coll v Cross Country Constr., 202 AD3d 1236, 1237 [3d Dept 2022]; Matter of Farrulla v SUNY at Stony Brook, 193 AD3d 1206, 1208 [3d Dept 2021]). As claimant here alleged that his inability to continue to perform his duties as a mason was occasioned by a worsening of his pulmonary condition, it was incumbent upon him to demonstrate — by competent medical evidence — a causal relationship between his established injuries and the claimed disability (see Matter of Hughes v World Trade Ctr. Volunteer Fund, 166 AD3d 1279, 1280 [3d Dept 2018]).
A review of the WCLJ's and the Board's respective decisions reveals that, due to the timing of claimant's departure and certain intervening events, they did not credit claimant's explanation for leaving his employment — namely, that his condition had worsened to the point that he was unable to fulfill the duties of a mason. In this regard, the record reveals that claimant was evaluated by the occupational medicine specialist for the express purpose of pursuing additional workers' compensation benefits on January 22, 2020 — one day before claimant's New York driver's license, which he was required to possess as a term and condition of his employment, was revoked. Following his evaluation by the specialist, claimant went on vacation for two weeks before returning to work on February 4, 2020, at which time he presented his supervisor with a letter from the specialist indicating that his job duties should be modified to avoid exposure to dust. Based upon this timeline, and given that the Board "is the sole arbiter of witness credibility" (Matter of Mendrok v New York City Tr. Auth., 202 AD3d 1173, 1175 [3d Dept 2022] [internal quotation marks and citations omitted]), the Board was free to reject claimant's explanation for suddenly leaving a job that he had performed without incident since late 2015.
Additionally, both the WCLJ and the Board found insufficient medical evidence to support a finding of causally-related lost time. Notably, none of claimant's treating physicians, including his pulmonologist, testified at the hearing, and claimant ultimately did not provide the medical records that he was asked to produce at the hearing. Although claimant testified that he was told that "[his] lung capacity was no longer good [and] that [he] needed modified duty," his most recent spirometry results — obtained in 2017 and 2018 — were, as noted previously, normal and, as of those dates, his lung function was determined to be without significant change. The occupational medicine specialist opined that claimant had a 75% temporary disability, but this assessment appears [*3]to have been premised upon claimant's representations that his symptoms would "flar[e] up on a daily basis given his exposure to [dust at] work." Although the specialist was of the view that claimant's self-reported increase in symptoms suggested an overall worsening of his condition, the specialist acknowledged that claimant's sinus and pulmonary conditions were deemed stable as of claimant's 2019 evaluations by his otolaryngologist and pulmonologist and that claimant's continued smoking could be a contributing factor to his pulmonary issues.
Given the subjective nature of claimant's complaints, the lack of corresponding objective evidence of an actual worsening of claimant's condition and the fact that no medical testimony was offered by any of claimant's treating providers, the Board's finding that claimant did not sustain any causally-related lost time is supported by substantial evidence and, as such, will not be disturbed. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Clark, J.P., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the decision is affirmed, without costs.