Matter of Feldman v New York City Tr. Auth. (2023 NY Slip Op 02154)

Matter of Feldman v New York City Tr. Auth.

2023 NY Slip Op 02154

Decided on April 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 27, 2023

534606
[*1]In the Matter of the Claim of Naum Feldman, Appellant,
v
New York City Transit Authority, Respondent. Workers' Compensation Board, Respondent.

Calendar Date:March 27, 2023

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Schotter Millican, LLP, Brooklyn (Geoffrey H. Schotter of counsel), for appellant.
Weiss, Wexler & Wornow, PC, New York City (J. Evan Perigoe of counsel), for New York City Transit Authority, respondent.
Letitia James, Attorney General, New York City (Alison Kent-Friedman of counsel), for Workers' Compensation Board, respondent.

Pritzker, J.
Appeal from a decision of the Workers' Compensation Board, filed December 8, 2021, which ruled, among other things, that claimant did not sustain an accidental injury arising out of and in the course of his employment and denied his claim for workers' compensation benefits.
Claimant, a subway car inspector and repairperson, applied for workers' compensation benefits alleging that he contracted COVID-19 at his workplace. The employer challenged the admissibility of the reports and testimony of one of claimant's medical experts, Susan Richman, contending that Richman was an independent medical examiner and that the provisions of Workers' Compensation Law § 137 and 12 NYCRR 300.2 regarding independent medical examinations (hereinafter IMEs) had not been complied with. In response, claimant contended that Richman was a treating physician and not an independent medical examiner and, therefore, those requirements were inapplicable. Ultimately, the Workers' Compensation Board, among other things, found that Richman's examinations constituted IMEs, precluded her reports and testimony for a lack of compliance with Workers' Compensation Law § 137 and 12 NYCRR 300.2, and concluded that there was insufficient credible evidence to warrant the establishment of the claim. Claimant appeals, challenging the preclusion of Richman's reports and testimony.
We affirm. Richman testified that she examined claimant for the purpose of providing an opinion as to whether claimant's illness was work-related, rendering her an independent medical examiner subject to the requirements of Workers' Compensation Law § 137 and 12 NYCRR 300.2 (see 12 NYCRR 300.2 [b] [4], [5]; Matter of Esposito v Tutor Perini Corp., 158 AD3d 912, 913 [3d Dept 2018], lv denied 31 NY3d 906 [2018]). Inasmuch as it is undisputed that Richman failed to comply with the provisions pertaining to independent medical examiners outlined in Workers' Compensation Law § 137 and 12 NYCRR 300.2, the Board properly precluded her reports and testimony (see 12 NYCRR 300.2 [d]; Matter of Keller v Cumberland Farms, 178 AD3d 1260, 1262 [3d Dept 2019], lv denied 35 NY3d 912 [2020]; Matter of Esposito v Tutor Perini Corp., 158 AD3d at 913). Claimant's contention on appeal that the exception from the statutory and regulatory requirements of IMEs for examinations conducted at clinics that are members of the occupational health clinics network applies to Richman's examinations (see 12 NYCRR 300.2 [b] [4]) was not raised before the Workers' Compensation Law Judge or the Board and, therefore, is not properly before us (see Matter of Hernandez v AABCO Sheet Metal, 206 AD3d 1420, 1421 [3d Dept 2022]; Matter of Muller v Square Deal Machining, Inc., 183 AD3d 992, 993 [3d Dept 2020], appeal dismissed 35 NY3d 1100 [2020], lv denied 36 NY3d 909 [2021]; Matter of Li v Southern Garden, Inc., 69 AD3d 1175, 1176 [3d Dept 2010]).
Clark, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is affirmed[*2], without costs.