Attreed v Five Star Elec. Corp. (2023 NY Slip Op 03384)

Attreed v Five Star Elec. Corp.

2023 NY Slip Op 03384

Decided on June 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 22, 2023

535098 
[*1]Kenneth Attreed, Appellant,
v
Five Star Electric Corporation et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:June 1, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Pasternack Tilker Ziegler Walsh Stanton & Romano, LLP, Brooklyn (Michael K. Gruber of counsel), for appellant.
Lois Law Firm LLC, Paramus, New Jersey (Addison O'Donnell of counsel), for Five Star Electric Corporation and another, respondents.

Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed March 4, 2022, which ruled, among other things, that claimant voluntarily removed himself from the labor market.
On June 13, 2020, claimant sustained injuries to both his knees when he slipped while descending a ladder at work. He returned to work on June 17, 2020 and filed a claim for workers' compensation benefits in July 2020. Claimant stopped working in September 2020 due to his knee injuries. Following a hearing held on his claim on April 5, 2021, the Workers' Compensation Law Judge (hereinafter WCLJ) established the claim and granted claimant awards for total temporary disability for the time he was out of work in June 2020 and again from September 11, 2020 to March 24, 2021. The WCLJ granted claimant awards at a temporary partial disability rate from March 24, 2021 to April 6, 2021 and going forward. Neither party appealed this decision. Following a hearing held on September 27, 2021, during which claimant did not appear and the employer's workers' compensation carrier raised the issues of voluntary withdrawal and lack of labor market attachment, the WCLJ directed that claimant provide evidence of labor market attachment within 60 days and continued benefits at the temporary partial disability rate.
At the next hearing, held on October 25, 2021, claimant testified that he worked for a union and that his job with the employer ended on November 26, 2020, when he was laid off due to the employer downsizing. Claimant further testified that he underwent causally-related left knee surgery on October 20, 2021, five days before the hearing, and that he had not looked for work at any time prior to the surgery. The WCLJ continued claimant's temporary partial disability benefits from September 28, 2021 to October 20, 2021 and awarded claimant temporary total disability benefits from October 20, 2021 to October 26, 2021 and continuing forward. Upon administrative appeal, the Workers' Compensation Board modified the WCLJ's determination, finding that claimant had not shown that his withdrawal from the labor market was related to his disability and, therefore, he had no compensable lost time for the period of September 28, 2021 to October 26, 2021 and continuing.[FN1] Accordingly, the Board rescinded claimant's indemnity benefits subsequent to September 28, 2021. Claimant appeals.
"Generally, a claimant who voluntarily withdraws from the labor market is not entitled to workers' compensation benefits unless the claimant's disability caused or contributed to the withdrawal" (Matter of Castro v Baybrent Constr. Co., 187 AD3d 1296, 1297 [3d Dept 2020] [internal quotation marks, ellipsis, brackets and citations omitted]; see Matter of Molander v New York City Tr. Auth., 209 AD3d 1092, 1093 [3d Dept 2022]). Whether a claimant voluntarily removed himself or herself from the labor market "is a factual determination to be made by the Board, and its decision will be upheld when supported by substantial [*2]evidence" (Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1206 [3d Dept 2022] [internal quotation marks and citation omitted]; see Matter of Castro v Baybrent Constr. Co., 187 AD3d at 1297).
The record reflects that the carrier raised the issue of labor market attachment at the April 5, 2021 hearing that established the temporary partial disability awards. The WCLJ found that the issue was premature, in that, due to the March 7, 2020 executive order declaring a state of emergency in response to the COVID-19 pandemic, the requirement that a claimant with a partial disability establish labor market attachment was temporarily suspended by the Board (see Labor Market Attachment During COVID19 Pandemic, https://www.wcb.ny.gov/content/main/TheBoard/WCB_COVID19_
LaborMarketAttachment.pdf).[FN2] The carrier raised voluntary withdrawal and labor market attachment again at the September 27, 2021 hearing and claimant was directed to produce evidence of labor market attachment within 60 days. Claimant testified on October 25, 2021 that he was laid off in November 2020 due to the fact that the employer was downsizing and that, since then, he has not made any attempts to find employment. Under these circumstances, the Board's determination that claimant's removal from the labor market was not related to his disability is supported by substantial evidence (see Matter of Blanch v Delta Air Lines, 204 AD3d at 1207; Matter of Garcia v MCI Interiors, Inc., 173 AD3d 1575, 1576 [3d Dept 2019]).
Claimant also contends, however, that the Board erred in finding that he failed to demonstrate labor market attachment as of September 27, 2021. We agree. "The Board has held that the appropriate date of a finding of no labor market attachment is not the date the issue is raised, but rather the date that evidence showing a lack of labor market attachment is submitted" (Matter of Bruno v World Trade Ctr. Volunteer Fund, 184 AD3d 929, 931 [3d Dept 2020] [internal quotation marks and citation omitted]; accord Matter of Blanch v Delta Air Lines, 204 AD3d at 1207). Although the carrier raised the issue of labor market attachment at the September 27, 2021 hearing, claimant provided testimony on that issue at the October 25, 2021 hearing. As such, October 25, 2021 is the applicable date for the Board's finding of no labor market attachment (see Matter of Strohschein v Safespan Platform Sys. Inc., 207 AD3d 818, 822 n 2 [3d Dept 2022], lv denied ___ NY3d ___ [June 13, 2023]; Matter of Blanch v Delta Air Lines, 204 AD3d at 1207). Accordingly, the Board erred in rescinding claimant's indemnity benefits covering the period of September 28, 2021 to October 26, 2021. In light of this decision, the Board's finding that claimant had not demonstrated causally-related lost time prior to claimant's October 20, 2021 surgery must be reversed, and the matter remitted to the Board to address claimant's eligibility for indemnity benefits for the time period subsequent to the surgery.
Egan Jr., J[*3].P., Lynch, Fisher and McShan, JJ., concur.
ORDERED that the decision is modified, with costs, by reversing so much thereof as found no causally-related lost time subsequent to September 28, 2021 and rescinded claimant's award of benefits for that time period; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: Inasmuch as neither party appealed the April 2021 WCLJ decision, the Board limited its review to benefits awarded subsequent to September 28, 2021.

Footnote 2: The Board lifted the suspension on the labor market attachment requirement on August 16, 2021 (see Updated Guidance: Labor Market Attachment,https://www.wcb.
ny.gov/covid-19/updated-labor-market-attachment-guidance-august-2021.pdf).