Matter of Becker v United Cerebral Palsy Assoc. (2024 NY Slip Op 05008)

Matter of Becker v United Cerebral Palsy Assoc.

2024 NY Slip Op 05008

Decided on October 10, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 10, 2024

CV-23-0524
[*1]In the Matter of the Claim of Sofia Becker, Appellant,
v
United Cerebral Palsy Assoc. et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Law Offices of Destin Santacrose, Buffalo (Thomas G. Glynn of counsel), for United Cerebral Palsy Assoc. and others, respondents.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed September 23, 2022, which, among other things, disallowed claimant's request to amend her established claim to include consequential injury to her left elbow.
In December 2000, claimant, a counselor, injured her right ankle when she missed a step while descending stairs during a fire drill. Her subsequent claim for workers' compensation benefits was established for a work-related injury to the right ankle and consequential injuries to her left wrist and both knees. In 2003, a Workers' Compensation Law Judge (hereinafter WCLJ) ruled that claimant's ankle injury was amenable to a 30% schedule loss of use (hereinafter SLU) of the right foot. Following a hearing in 2015, a WCLJ ruled that claimant's injury to her left wrist was amenable to a 30% SLU of the left hand, that her injury to her left knee was amenable to a 5% SLU of the left leg and that her injury to her right knee was amenable to a 23.75% SLU of the right leg.
In September 2021, while entering a bathtub at home, claimant's right foot gave way, she attempted to grab a handrail and she fell. As a result of her fall and injury, claimant was taken to the hospital by ambulance and underwent open reduction with internal fixation surgery at the left elbow. In November 2021, Christopher Mileto, claimant's attending orthopedic physician, requested authorization for claimant to be provided with postoperative physical therapy for her left elbow. A WCLJ subsequently found that prima facie medical evidence existed for a consequential injury to claimant's left elbow based upon an October 2021 medical report from Mileto. Following an independent medical examination by the orthopedic consultant retained by the employer's workers' compensation carrier and testimony from claimant, the WCLJ disallowed the claim for a consequential injury, finding that claimant's injury was not due to her established disability and medical condition or due to a causally-related consequential fall. Upon administrative review, the Workers' Compensation Board affirmed, determining that claimant sustained a regular, unrelated slip-and-fall accident and that she failed to demonstrate a consequential causal relationship between her left elbow injury and her previously established injuries to her right ankle and left wrist. Claimant appeals.
We affirm. Turning to claimant's challenge to the Board's decision denying her request to amend the claim to include a consequential injury to her left elbow, "the Board is empowered to determine the factual issue of whether a causal relationship exists based upon the record, and its determination will not be disturbed when supported by substantial evidence" (Matter of Brown v Laboratory Corp. of Am., 222 AD3d 1127, 1130-1131 [3d Dept 2023] [internal quotation marks and citations omitted]). "Whether a subsequent disability arose consequentially from an existing compensable injury is a factual question for resolution by the Board[*2]" (Matter of Allen v CPP-Syracuse, Inc., 194 AD3d 1278, 1279 [3d Dept 2021] [internal quotation marks and citations omitted]), and "the Board is vested with the authority to resolve conflicting medical opinions and to draw reasonable inferences from record evidence" (Matter of Brennan v Village of Johnson City, 213 AD3d 1058, 1060 [3d Dept 2023] [internal quotation marks and citations omitted]). "[A]s the party seeking benefits, claimant bears the burden of establishing, by competent medical evidence, a causal connection or relationship between her employment and the claimed disability" (Matter of Blanch v Delta Air Lines, 204 AD3d 1203, 1205 [3d Dept 2022] [internal quotation marks and citations omitted]).
At the hearing, claimant testified that, when her right foot gave out while entering the bathtub without water, she placed her right hand on the grab bar and stepped into the tub with her right foot. Claimant attempted to hold herself up with the grab bar but could not do so, which resulted in her falling and striking her left elbow on the outside of the tub. In his October 2021 medical report, Mileto provided no medical opinion concerning whether a consequential causal relationship existed between claimant's left elbow injury and her prior compensable injuries to the right ankle and left wrist. Further, Jeffrey B. Knox, the carrier's consultant who performed an independent medical examination of claimant in February 2022 and reviewed claimant's medical records, concluded that claimant's left-elbow injury is not causally-related to her underlying compensable injuries. Knox reasoned that claimant had no history of complaints regarding her left elbow, that he discerned no reason that the "minor isolated [right] ankle injury many years ago" would be the cause of her accident here, and that claimant presented "with dramatic symptom magnification, multiple non-anatomic findings and her subjective complaints are not supported by objective findings." In view of the foregoing lack of medical evidence to support her request to amend the claim, and according deference to the Board's assessments of credibility, we find that substantial evidence in the record supports the Board's decision to disallow claimant's request to amend her claim for a consequential left elbow injury (see Matter of Brennan v Village of Johnson City, 213 AD3d at 1060; Matter of Blanch v Delta Air Lines, 204 AD3d at 1206; Matter of Neira-Bernal v SIG Contr. Corp., 183 AD3d 1103, 1104 [3d Dept 2020]; compare Matter of Christensen-Mavrigiannakis v Nomura Sec. Intl., Inc., 175 AD3d 1748, 1753-1754 [3d Dept 2019]). Finally, as it was claimant who submitted Mileto's written medical report in support of her request to amend the claim, "[claimant] can hardly contend that [she] had a due process right to cross-examination of [her] own witness" (Matter of Ferguson v Fruehauf Corp., 156 AD2d 880, 882 [3d Dept 1989]).
Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that [*3]the decision is affirmed, without costs.