Matter of Hurley v Lawrence Sch. Dist. (2025 NY Slip Op 03676)

Matter of Hurley v Lawrence Sch. Dist.

2025 NY Slip Op 03676

Decided on June 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 18, 2025

CV-24-0787
[*1]In the Matter of the Claim of Peter Hurley, Appellant,
v
Lawrence School District et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:June 4, 2025

Before:Egan Jr., J.P., Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ.

John F. Clennan, Ronkonkoma, for appellant.
Cherry, Edson & Kelly, LLP, Tarrytown (Ralph E. Magnetti of counsel), for Lawrence School District and another, respondents.

Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed September 25, 2023, which ruled, among other things, that claimant voluntarily withdrew from the labor market.
In October 2018, claimant, a special education teacher, established a claim for workers' compensation benefits based upon causally-related asthma. Claimant taught virtually from home during the 2020-2021 school year due to the COVID-19 pandemic. The employer subsequently advised claimant that he would have to return to in-person classroom instruction for the 2021-2022 school year. Claimant's treating physician advised that, due to his condition, claimant should not be exposed to dust, mold and pollen. Accordingly, for the 2021-2022 school year, claimant was assigned to teach at the elementary school where he could remain in the same air-conditioned classroom all day and would not be required to escort students to other classes or lunch. Claimant reported for work in September 2021 and worked for four days before informing the employer that dust caused by construction taking place in the building was making him too ill to continue. The employer then reassigned claimant to work at the primary school, which is in a different building, where there was no ongoing construction and he could work in an air-conditioned library.[FN1] Claimant never acknowledged the reassignment and never reported to work.[FN2] Subsequently, on September 23, 2021, claimant's physician filed a C-27 form alleging a change in claimant's condition warranting a reopening of his claim.[FN3] Following hearings, a Workers' Compensation Law Judge found that claimant's contention that he was too ill to work at the library was not supported by the medical evidence and, by not reporting to work, claimant had unreasonably refused a job offer and had voluntarily withdrawn from the labor market. Upon appeal, the Workers' Compensation Board, among other things, affirmed the finding of a voluntary withdrawal from the labor market, and claimant appeals.
"Whether a claimant has voluntarily withdrawn from the labor market is an issue of fact for the Board to resolve, and its resolution of that issue will not be disturbed if supported by substantial evidence in the record" (Matter of Rosario v AIG, 96 AD3d 1111, 1112 [3d Dept 2012] [internal quotation marks and citations omitted]; see Matter of Sanchez v Consolidated Edison Co. of N.Y., Inc., 40 AD3d 1153, 1154 [3d Dept 2007]). Claimant testified that he did not report to the library assignment because he was told not to by his doctors.[FN4] In support, claimant submitted written correspondence and reports from allergists Shumaila Khan and Morris Nejat, and pulmonologist Frank Coletta. In a letter dated June 10, 2021, Khan recommended that claimant not be exposed to dust mites, trees, grass and mold. After claimant left work in September 2021, Khan indicated in a C-4.2 report dated September 22, 2021 and a C-27 report dated September 23, 2021 that claimant cannot return to work due to exposure [*2]to triggers related to his asthma and exacerbation of his asthma by exposure to "excessive dust/mold from construction." Coletta similarly reported on January 24, 2022 that claimant cannot return to work due to exposure to allergens and dust. In C-4.2 forms dated December 30, 2021 and January 4, 2022, Nejat also indicated that claimant could not return to work due to exposure to airborne allergens.
During his deposition, Nejat testified that claimant has chronic obstructive pulmonary disease with asthma and moderate persistent asthma. Nejat stated, however, that he did not do objective functional testing to determine if claimant could return to work and indicated that he had reviewed claimant's medical records, including those of Kahn, and he did not see any reports of objective testing of claimant's limitations.[FN5] According to Nejat, his report that claimant could not return to work was based on claimant's "subjective feeling" that he was unable to work and Nejat further testified that he had no opinion as to whether claimant could work, emphasizing that it was claimant's "feeling that he can't work." Vimod Khanijo, a pulmonologist who examined claimant on behalf of the employer in October 2022, concluded that claimant's disability is mild and, provided claimant was not exposed to mold at the workplace, "[h]e should be able to work full duty." Given the foregoing, and deferring to "the Board's broad authority to make credibility determinations and to draw reasonable inferences from the record evidence" (Matter of Vasquez v Northstar Constr. Group Servs., Inc., 205 AD3d 1250, 1253 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]), we conclude that substantial evidence supports its decision that claimant voluntarily removed himself from the labor market by not attempting to work in the library (see Matter of Digbasanis v Pelham Bay Donuts Inc., 224 AD3d 1047, 1049 [3d Dept 2024]; Matter of Molander v New York City Tr. Auth., 209 AD3d 1092, 1094-1095 [3d Dept 2022]).
Claimant also suggests that the Board should have considered that, if the employer was paying him sick time during the period in question, he was still employed and had not withdrawn from the labor market. This issue was not raised in his administrative appeal to the Board and is not properly before us as a result (see Matter of Hernandez v AABCO Sheet Metal, 206 AD3d 1420, 1421 [3d Dept 2022]; Matter of Murrah v Jain Irrigation, Inc., 157 AD3d 1088, 1089 [3d Dept 2018]).
Reynolds Fitzgerald, Fisher, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: According to the employer's director of facilities, there has not been construction work done at the primary school building in years, the building is monitored for asbestos twice a year, and he was not aware of any mold being reported in the building.

Footnote 2: Claimant testified that he was ultimately terminated from his employment for insubordination, but he did not state when he was terminated and there is no other evidence in the record regarding a termination of employment.

Footnote 3: Claimant was seeking benefit payments from September 3, 2021 going forward.

Footnote 4: Claimant also testified that, due to concerns about his condition, he wears a mask when out in public. However, surveillance video depicts him inside a restaurant, a convenience store and a grocery store while not wearing a mask.

Footnote 5: Although both Khan and Coletta were subpoenaed to testify, neither appeared for their deposition.